CASE NO. 1:20CV1220RP

FILED
DEC 14 2020
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WILLIAM CURTIS JONES (as the NOMINEE) (AGENT), ET.AL.) EASTHAM UNIT: TRUSTY CAMP PETITIONER'S' AGENT | PETITIONERS' CLAIMS OF CONSTITUTIONAL RIGHT VIOLATIONS |
| V. | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE: CORRECTIONAL INSTITUTIONAL DIVISION (CID) "DEFENDANT NO. ONE (1)" | NEGLIGENCE BY DEFENDANTS: OF AVOIDING COVID-19 as being HARMFUL, at the EASTHAM UNIT: TRUSTY CAMP |
| and | |
| DONALD MUNIZ, WARDEN EASTHAM UNIT with the TEXAS DEPARTMENT OF CRIMINAL JUSTICE: CORRECTIONAL INSTITUTIONAL DIVISION (CID) "DEFENDANT NO. TWO (2)" | in accordance with RULE 42 of applicable GOVERNING SECTION cases regarding the safeguarding from "COVID-19" in the UNITED STATES DISTRICT COURTS "THE PUBLIC HEALTH AND WELFARE" |

PETITIONERS' CLAIMS OF CONSTITUTIONAL RIGHTS VIOLATIONS: HARMFUL, NEGLIGENCE ACTS BY DEFENDANT FOR FAILURE OF PREVENTION OF INMATES AT EASTHAM UNIT: TRUSTY CAMP FROM DANGEROUS OUT-BREAK OF COVID-19; AGAINST THE "RULE 42: THE PUBLIC HEALTH AND WELFARE"

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WILLIAM CURTIS JONES, as the NOMINEE AGENT, ET. AL. as pro-se, for the UNDERSIGNED PETITIONERS as listed in PARAGRAPH IV below, in the above styled and numbered cause, and respectfully moves this HONORABLE COURT to hear the allegations here and upon the MERITS thereof, to hear "PETITIONERS' CLAIMS OF CONSTITUTIONAL RIGHT VIOLATIONS" namely: "DEFENDANTS' HARMFUL, GROSS NEGLIGENCE ACTS FROM PREVENTION and SAFE-GUARDING INMATES assigned at "EASTHAM UNIT: TRUSTY CAMP" from exposures of COVID-19 as a HOT-SPOT or OUT-BREAK and then the DEFENDANTS' "ABUSE OF COLOR"; and CONSTITUTIONAL VIOLATIONS" protected under the provisions in accordance with RULE 42 of applicable GOVERNING SECTION cases of "THE PUBLIC HEALTH AND WELFARE";

THAT, the PETITIONERS', as pro-se, being of a group of simple lay-men; a group of lay-men who are unskilled and inexperienced in the drafting of this "PETITION", by through their own accord, and without the ability to retain an effective PLANTIFF'S ATTORNEY, who truly understands the current severity of PETITIONER'S claims; be construed liberally as required in:

"HAINES v. KERNER", 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1971):

---

whereas the UNITED STATES SUPREME COURT expressly held the "pro-se" complaints-(as "PETITIONS"; "MOTIONS"; "WRITS", etc)- are:

> "…. held to less stringent standards than formal pleadings drafted by lawyers, and that it must appear beyond a reasonable doubt that the "PETITIONERS"-(as "PLANTIFFS"; "APPLICANTS"; "RELATORS", etc.) can prove with set of facts in support of his claims (or grounds) which would entitle him to RELIEF (before the same pleading can be denied)…"

THAT, in accordance with TITLE 42 by the GOVERNING SECTION deem applicable of similar cases in the UNITED STATES DISTRICT COURTS, that the PETITIONERS shall respectfully and truthfully show the COURTS the following:

## I. CONSTITUTIONAL RIGHTS VIOLATION: THE PUBLIC HEALTH AND WELFARE while INCARCERATED

1.01 THAT, being a group of simple lay-men it is extremely difficult to precisely and richly communicate challenging months of the "COVID-19 PANDEMIC" CRISIS, of antagomistic process in this relatively long "PETITION" herewithin, but it shall be blatantly clear on the aforementioned considerations that the PETITIONERS of EASTHAM UNIT: TRUSTY CAMP were targeted of HARMFUL, CARELESS ACTS namely: "GROSS NEGLIGENCE", if not of "CRIMINAL NEGLIGENCE", with ABUSE OF COLOR, by the SENIOR STAFF of EASTHAM UNIT, and of the subordinates, managing directors from within the TEXAS DEPARTMENT OF CRIMINAL JUSTICE: CORRECTIONAL INSTITUTIONAL DIVISION, when PETITIONERS happens from their NEGLIGENCE ACTS by not protecting or safe-guarding ALL INMATES and UNIT CORRECTIONAL OFFICERS at the EASTHAM UNIT: TRUSTY CAMP from any "COVID-19" HOT-SPOT(s) and / or OUT-BREAK(s);

1.02 THAT, the PETITIONERS, as only a group of simple lay-men, and are bona-fide CITIZENS of the UNITED STATES, has its CONSTITUTIONAL RIGHTS, as afforded by the FIRST AMENDMENT; the EIGHT AMENDMENT; the FOURTEENTH AMENDMENT; and the FIFTHEENTH AMENDMENT; guaranteed to a protected and safe environnment, free from any COVID-19 OUT-BREAK; HOT-SPOT; or EXPOSURES; and that NO INMATES or UNIT CORRECTIONAL OFFICERS should had ever been exposed to what these PETITIONERS has endured at the EASTHAM UNIT: TRUSTY CAMP;

1.03 THAT, the PETITIONERS does NOT bring this PETITION lightly, but on the weight of a long, solid history of serious abuses and neglects of its administrative discretion and senior officials' "ABUSE OF COLOR"; that with such a stern warning of retaliation from within the entire "TEXAS DEPARTMENT OF CRIMINAL JUSTICE: CORRECTIONAL INSTITUTIONAL DIVISION";

1.04 THAT, the PETITIONERS shall show the COURT of the following negligent; harmful acts; non-compliance, resulting in CONSTITUTIONAL RIGHTS VIOLATIONS - specifically to protect PETITIONERS from the risks of "COVID-19"; that:

(i)... there were no "true" social distancing protocols implemented from within the respective dormitory cabin; yet enforced social distancing only outside of the respective dormitory cabin, only for the sake of "DOG AND PONY SHOW" as a show of compliance for a team of "COVID-19 RAPID RESPONSE TEAM (AUDIT-COMPLIANCE OFFICERS) from the "TEXAS DEPARTMENT OF CRIMINAL JUSTICE: CORRECTIONAL INSTITUTIONAL DIVISION" at all times and in case of unannounced visits; at the possible six (6) feet from other inmates - as "physical distancing";

(ii)... there were NO recorded case(s) of COVID-19 VIRUS at any time from March 2020 (start of PANDEMIC) through November 8th, 2020; whereas on November 8th an out-break from "zero" to "twelve" to over one hundred inmates tested positive for COVID-19 on November 16th; as of date of this filing, there are over 100 (one hundred) inmates being quarantined within a dedicated CABIN: known as "DORM "A" labeled as "MEDICAL ISOLATION";

(iii)... there were laxed screening effort at a designed checkpoint - to gain entry into EASTHAM UNIT - to check temperature - of every visitors; employees and staff - by checking for fever of over 100° or higher were to be denied entry;

(iv)... that only staff and employees that are assigned to a specific unit within EASTHAM UNIT were to be allowed to that facilities; free of infection, symptoms or fever from COVID-19;

(v)... that at any time - immediately - any exposed facility that has positive test of COVID-19 of any of the staff; employees;

and / or inmates shall be placed on complete lockdown;

(vi)... that at all times, all staff; employees and inmates at all UNIT(S) or FACILITIES must continue to wear COTTON MASK(S) and are required to wear those MASK(S);

(vii)... that INMATES that are medical isolation / restriction must receive twice daily temperature testing and that anyone interacting with those INMATES are required to wear "N95 MASK" and "GLOVE PPE" - no exceptions;

(viii)... that any and all visitation and volunteer visits were suspended in MARCH 2020 at EASTHAM UNIT;

(ix)... that all staff; employees and inmates were instructed to "wash hands often with soap and water for at least 20 seconds, every two hours and especially before eating or touching your face, eyes or mouth and after touching frequently used surfaces (cell doors, counters, phones, bathroom surfaces);

(x) .... that immediately when MEDICAL ISOLATION / RESTRICTION are being used to seperate and restrict the movement of well (uninfected) persons who may have been exposed to a communicable disease to see if they become ill, that these people may have been exposed to a disease and do not know it; or may have the disease but do not show symptoms;

## II. REQUEST FOR DISCLOSURE

2.01 THAT, the PETITIONERS files this ORIGINAL PETITION and REQUEST FOR DISCLOSURE complaining of said DEFENDANT's NEGLIGENCE and NON-COMPLIANCE; and for CAUSE OF ACTION would respectfully show unto the COURT the following;

## III. DISCOVERY LEVEL

3.01 THAT, in PURSUANT to applicable FEDERAL RULES OF CIVIL PROCEDURES; that PETITIONERS states that DISCOVERY in this cause is intended to be conducted at the highest LEVEL allowed by FEDERAL LAW, and hereby move to conduct DISCOVERY at such LEVEL;

## IV. PARTIES AND SERVICE

4.01 THAT, the UNDERSIGNED PETITIONERS, are INMATES tested POSITIVE for COVID-19 on November 16th, 2020, as an individual incarcerated at:

EASTHAM UNIT: TRUSTY CAMP
2665 Prison Road One
Lovelady, Texas 75851-5609

4.02 THAT, the UNDERSIGNED PETITIONERS are an individual residing at said EASTHAM UNIT: TRUSTY CAMP; that each PETITIONER may be noticed by and through his nominee agent: namely "WILLIAM CURTIS JONES" or through his own retained attorney:

| NO. | PETITIONER NAME | TDCJ NO. | INITAL ASSIGNED | CURRENT |
|---|---|---|---|---|
| 1. | EDWARD ALVARADO | 1998047 | B-10 | A-60 |
| 2. | ROBERT AKEN | 2023883 | B-35 | A-38 |
| 3. | CHRIS ATHEY | 1853794 | C-74 | A-17 |
| 4. | AUBREY BLACKBURN | 1806160 | C-6 | A-7 |
| 5. | BROWN BARRY | 1788641 | B-94 | A-62 |
| 6. | TYRONE BLAYLOCK | 2212270 | A-42 | A-12 |
| 7. | ALVARADO BIVIANO | 2089079 | C-47 | A-49 |
| 8. | REX BARNES | 2196215 | B-95 | A-70 |
| 9. | JOHNNY COSS | 2194109 | A-86 | A-86 |
| 10. | GREGORY CRAFT | 0657364 | B-26 | DECEASED |
| 11. | PATRICK BIBLE | 2270696 | A-101 | A-101 |
| 12. | MICHAEL CASSITOR | 2232288 | A-64 | A-64 |

| NO. | PETITIONER NAME | TDCJ NO. | INITIAL ASSIGNED | CURRENT |
|---|---|---|---|---|
| 13. | MICHAEL LASSITOR | 2232288 | A-64 | A-64 |
| 14. | JAMES CARTER | 2006619 | B-38 | A-106 |
| 15. | SCOTT COHOE | 1972040 | B-107 | A-68 |
| 16. | DIMITRI DEARS | 2147697 | C-94 | A-26 |
| 17. | COREY DAVIS | 1778071 | A-28 | A-28 |
| 18. | JEREMY DURKINS | 21317870 | A-24 | A-24 |
| 19. | JEDERRION DAVIS | 2283790 | B-12 | A-30 |
| 20. | LEVI CONSTANCIO | 2193171 | B-63 | A-33 |
| 21. | KERRY D'ANNUZIO | 2282407 | | A-18 |
| 22. | SCOTT COTTON | 197204 | | A-105 |
| 23. | JAMES GRYDER | 2189901 | C-29 | A-74 |
| 24. | TERRANCE GUESS | 2205955 | C-1 | A-93 |
| 25. | TERRY GOOLSBY | 2081083 | C-90 | A-22 |
| 26. | MARIO GUEVARA | 2304447 | B-77 | A-32 |
| 27. | CHRISTOPHER GONZALES | 2187912 | A-52 | A-52 |
| 28. | WILLIAM GUNN | 857163 | C-105 | A-69 |
| 29. | JOEY GRIER | 2282272 | B-58 | A-54 |
| 30. | SCOTT MAYHEW | 2198107 | C-35 | A-57 |
| 31. | KEVIN HOCKETT | 2200135 | A-48 | A-48 |
| 32. | MARVIN HOWARD | 2084394 | C-5 | A-95 |
| 33. | JAMES HALL | 2251790 | C-10 | A-13 |
| 34. | CHRISTOPHER JOHNSON | 1701630 | B-31 | A-14 |
| 35. | RICHARD HANSEN | 2287697 | A-77 | A-77 |
| 36. | ISAIAH HEARNS | 1863882 | A-87 | A-87 |
| 37. | SCOTT IVAN PAZ | 2242715 | A-9 | A-9 |
| 38. | ROBERT HANSEN | 1853949 | A-72 | A-72 |
| 39. | AUSTIN HARKET | 2217945 | | A-40 |
| 40. | DEACON JONES | 1810697 | C-44 | A-59 |
| 41. | JUNIOR JOHNSON | 2118887 | B-76 | A-37 |
| 42. | LITTLE JOHNSON | 2034604 | A-103 | A-103 |
| 43. | WILLIAM JONES | 2184098 | A-80 | A-80 |
| 44. | DEMONTRYON JACKSON | 1912724 | C-79 | A-97 |
| 45. | EARNEST HOWARD | 1580049 | A-98 | A-29 |
| 46. | BRANDON KING | 1455331 | C-34 | A-78 |
| 47. | MARTIN LERMA | 2003367 | A-44 | A-44 |
| 48. | CORY MARTINEZ | 2191056 | B-105 | A-45 |
| 49. | CHARLTON MCCREE | 2205632 | C-36 | A-99 |

| NO. | PETITIONER NAME | TDCJ NO. | INITIAL ASSIGNED | CURRENT |
|---|---|---|---|---|
| 50. | ANTONIO MENDOZA | 2018640 | B-72 | A-36 |
| 51. | MATTHEW MONTGOMERY | 2260177 | B-52 | A-27 |
| 52. | TYRONE MCCULLOUGH | 1942994 | C-2 | A-11 |
| 53. | ROY MUDD | 1728470 | C-107 | A-71 |
| 54. | MCKENZIE MOCK | 869078 | A-1 | A-1 |
| 55. | CHARLTON MCCREE | 2205632 | | A-8 |
| 56. | RONALD NEVELS | 2180161 | A-82 | A-82 |
| 57. | CHAMPION OTIS | 2113727 | A-54 | A-21 |
| 58. | RANDALL OGLETREE | 1288058 | A-99 | A-47 |
| 59. | SEAN O'BRIEN | 2233247 | C-31 | A-3 |
| 60. | MICHAEL OJEDA | 2059502 | A-10 | A-41 |
| 61. | STEPHEN PUDERBAUGH | 1226538 | | A-98 |
| 62. | MATTHEW PARLINGTON | 2218625 | B-29 | A-58 |
| 63. | WILLIAM PUNDS | 2290511 | | A-2 |
| 64. | KEVIN PETERSON | 2286944 | C-19 | A-51 |
| 65. | JOHN ROGERS | 1470172 | B-17 | A-42 |
| 66. | JOSHUA RAMON | 2173200 | B-64 | A-56 |
| 67. | RICHARD RAMSEY | 2013197 | B-103 | A-66 |
| 68. | ERIC REESE | 1256673 | C-8 | A-96 |
| 69. | NICOLAS RENTERRA | 2284768 | C-13 | A-91 |
| 70. | CHRISTOPHER REYNOLDS | 2283807 | A-26 | A-63 |
| 71. | CHARLES STERLING | 1770972 | C-22 | A-39 |
| 72. | KENDRICK STEWART | 1083454 | B-7 | A-4 |
| 73. | JAMES SONNTAG | 2175085 | A-5 | A-5 |
| 74. | JAMES STEPHENS | 2180819 | A-19 | A-19 |
| 75. | CHRISTOPHER SPURLOCK | 2211393 | A-38 | A-84 |
| 76. | MICHAEL TEEL | 2164171 | A-20 | A-20 |
| 77. | JAMESON TORRES | 2117273 | C-45 | A-61 |
| 78. | JERRY A. VAUGHN | 1854429 | A-89 | A-89 |
| 79. | GLEN WARD | 2129916 | C-20 | A-53 |
| 80. | CRAIG WALTON | | B-1 | A-100 |
| 81. | DAVID VILLEGAS | 2214030 | A-71 | A-102 |
| 82. | WILLIAM WEST | 2170876 | A-107 | A-107 |
| 83. | WILLIAM YATES | 2156774 | C-88 | A-65 |
| 84. | EVERETT WILLIAMS | 1775190 | A-32 | A-6 |
| 85. | LOGAN ZAWISZA | 2286127 | A-41 | A-35 |

and, THAT with the exception of PETITIONER NO. TEN (10): GREGORY CRAFT, who deceased from the COVID-19 Out-break, on or about December 2nd, 2020, are all individuals who resides and may be noticed by and/or be separately noticed at:

EASTHAM UNIT TRUSTY CAMP
2665 Prison Road One
Lovelady, Texas 75851-5609

4.03 THAT, the DEFENDANT NO. ONE (1): "TEXAS DEPARTMENT OF CRIMINAL JUSTICE: CORRECTIONAL INSTITUTIONAL DIVISION" is the ADMINISTRATIVE DIRECTOR for the STATE OF TEXAS who headquartereds and may be served with process at:

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
CORRECTIONAL INSTITUTIONAL DIVISION (CID)
1225 Avenue "G"
Huntsville, Texas 77340

or anywhere it may be found;

4.04 THAT, the DEFENDANT NO. TWO (2) "DONALD MUNIZ", the WARDEN at

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
EASTHAM UNIT, et. al.
2665 Prison Road One
Lovelady, Texas 75851-5609

who also resides near the UNIT and may be served with process at the same address above, or anywhere he may be found;

4.05 THAT, other DEFENDANT(S) may be served with process during the DISCOVERY LEVEL; who may be held for NEGLIGENCE;

## V. JURISDICTION AND VENUE

5.01 THAT, the SUBJECT MATTER in controversy is within the jurisdictional limits of this HONORABLE COURT;

5.02 THAT, the PETITIONERS above and within this PETITION seeks remedy; and of outside investigative review and enforcement; and monetary relief not more than $25,000,000 or up to $250,000 for each PETITIONERS listed in Paragraph 4.02 above; that if DEATH is realized, then a separate claim(s) shall be attached or supplemented to this PETITION;

5.03 THAT, the COURT has jurisdiction over the parties because the said DEFENDANTS are based in TEXAS, as in parts of the TEXAS STATE GOVERNMENTAL AFFAIRS;

5.04 THAT, the VENUE being in AUSTIN, TRAVIS COUNTY, TEXAS is proper in this CAUSE under FEDERAL CIVIL PRACTICE and REMEDIES CODE, because all or substantial part of the events or omissions giving rise to this LAWSUIT occurred at EASTHAM UNIT, located in LOVELADY, HOUSTON COUNTY, TEXAS, under the BOARD OF CRIMINAL JUSTICE who makes policy on behalf of the GOVERNOR OF TEXAS, all of which are located in AUSTIN, TRAVIS COUNTY, TEXAS;

## VI. FACTUAL BACKGROUND

6.01 THAT, a certain ASSISTANT WARDEN at EASTHAM UNIT, was believed to have been infected with COVID-19 on or about November 1ST, after been exposed with a person(s) in the FREE-WORLD that was infected with COVID-19, and yet instead of avoiding from returning to his residence, which is considered a "facilities" within EASTHAM UNIT, in contravention of proper protocols set in place by the BOARD OF CRIMINAL JUSTICE;

6.02 THAT, while being self-quarantined, within his said residence on the proximity of EASTHAM UNIT, this certain ASSISTANT WARDEN summoned a "MAINTENANCE CREW", consists of a "FIELD FORCE: CORRECTIONAL OFFICER and three (3) INMATES (PETITIONERS) from EASTHAM UNIT: TRUSTY CAMP, to repair the "WATER HEATER" allegedly was "leaking water"; that while during the routine repairs, the said "FIELD FORCE: CORRECTIONAL OFFICER and two (2)

of the three (3) said INMATES from EASTHAM UNIT: TRUSTY CAMP later that same day, started exhibiting some of the severe symptoms consistence with COVID-19; on or about November 6th;

6.03 THAT, instead of immediately placing the said "FIELD FORCE: CORRECTIONAL OFFICER and the said three (3) INMATES as "MAINTENANCE CREW" from EASTHAM UNIT: TRUSTY CAMP in MEDICAL ISOLATION'S and away from OTHER INMATES and OTHER CORRECTIONAL OFFICERS at EASTHAM UNIT: TRUSTY CAMP, a certain SERGEANT at EASTHAM UNIT: TRUSTY CAMP ordered the three (3) INMATES back to their respective, assigned "DORM "B"..." (at EASTHAM UNIT: TRUSTY CAMP) in which housed approximately eighty (80) INMATES in that said "DORM 'B'...";

6.04 THAT, on or about November 7th, 2020, these three said INMATES had also been in contact with other INMATES in "DORM 'A'"; "DORM 'C'"; and the CAMP's DAY ROOM CABIN; and the CAMP's KITCHEN GALLEY, known as "CHOW HALL"; that the said FIELD FORCE: CORRECTIONAL OFFICER was seen socializing with a certain STAFF SERGEANT: KITCHEN BOSS; that then on the evening of on or about November 7th, 2020, the said STAFF SERGEANT: KITCHEN BOSS had checked himself into a local hospital and later died (on or about November 11th, 2020) from complications resulted from COVID-19;

6.05 THAT, the whereabout or current status of the said "FIELD FORCE: CORRECTIONAL OFFICER" is unknown; that he was instructed to go home on or about November 7th, 2020 after complaining of "... high fever and breathing difficulties...";

6.06 THAT, a certain INMATE complained of high fever and extreme breathing difficulties, that after six to seven days later, he was transported to a local hospital, on or about November 15th, 2020, of which he was pronounced dead from the complications of COVID-19 on or about December 2nd, 2020;

6.07 THAT, then on or about the evening of November 9th, 2020, some eight to twelve INMATES in DORM "A"; DORM "B";

and "DORM 'C'" were escorted from EASTHAM UNIT: TRUSTY CAMP to a dedicated MEDICAL ISOLATION UNIT within the EASTHAM UNIT, after complaining of "... high fever and breathing difficulties...";

6.06 THAT, the cascade trending of other INMATES within EASTHAM UNIT: TRUSTY CAMP started complaining of "... high fever and other symptoms consistent with COVID-19 VIRUS.."; that finally on or about November 12th, 2020, the SENIOR DIRECTOR and the WARDEN ordered a MEDICAL LOCKDOWN of the entire EASTHAM UNIT: TRUSTY CAMP immediately;

6.07 THAT, on or about November 16th, 2020, a RAPID RESPONSE TEAM conducted / administered a "CAMP-WIDE" COVID-19 TEST for approximately 240 INMATES within the three said "DORMS"; of which on or about November 19th, 2020 over one hundred (100) INMATES tested "POSITIVE"; and then on or about November 20th, 2020, most of the INMATES that tested "POSITIVE" were moved to DORM "A", that was declared as "MEDICAL ISOLATION UNIT", whereas DORM "B" and "DORM "C" was declared as "MEDICAL RESTRICTION UNITS"; that while most of the INMATES that tested "POSITIVE" may have exposed the other INMATES - once again - that were tested "NEGATIVE"; the intent was to QUARANTINE all INMATES for the protocol quarantine period of fourteen (14) days or from November 20th, 2020 to December 4th, 2020;

## VII. NEGLIGENCE:

7.01 THAT, the occurence and the sequence of events made the BASIS of this COMPLAINT, as described in the paragraphs above, and the resulting harms and injuries and damages were proximately caused by the NEGLIGENT CONDUCT of the DEFENDANTS in one or more of the following respects:

(a)... in failing to adhere to strict TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S GUIDELINES on "HOW TO AVOID THE SPREAD and INFECTION OF COVID-19" as a person of ordinary

prudence would have followed the protocols set-forth by the "BOARD OF CRIMINAL JUSTICE" under the same or similar circumstances;

(b)... in failing to immediately LOCK-DOWN the entire facility, especially when it was revealed that a certain staff employee and an inmate, of which both deceased resulted from COVID-19, were demonstrating symptoms of:

(i)... trouble breathing;
(ii)... feverish;
(iii)... cough-profusely;
(iv)... shortness of breath;
(v)... persistent pain or pressure in the chest;
(vi)... confused or inability to be alert;
(vii)... skin rash;
(viii)... bluish lips and/or facial; and/or
(ix)... loss of taste or smell

(c)... in failing to control the imminent danger and/or of harmful environment that were created by negligent acts than that which an ordinary prudent person would have avoided under the same or similar circumstances;

(d)... in failing to control the imminent danger and/or of harmful environment with a FALSE SENSE OF URGENCY as a person of ordinary prudence would have done in the same or similar circumstances;

7.02 THAT, each of these ACTS and OMISSIONS, singularly or in combination with others, constituted negligence which proximately caused the occurrence that made the BASIS of this CAUSE OF ACTION and of each and every listed PETITIONERS' injuries and damages;

VIII. DAMAGES AND INJURIES OF PETITIONER(S):

8.01 THAT, the PETITIONERS would show, as an "UNIFIED CLASS

ACTION COMPLAINT, that as a result of the negligence; negligence per se; and / or gross negligence of the said DEFENDANTS; that these PETITIONERS sustained severe, possibly permanent, injuries;

8.02 THAT, the PETITIONERS incurred undue injuries and damages in an amount in excess of the COURT's minimum jurisdictional limit;

8.03 THAT, the PETITIONER would further show as a proximate result of the negligence of the DEFENDANTS, that each and every PETITIONER herewithin are entitled to recovery for damages including, but not limited to:

(a)... past and future reasonable and necessary medical expenses;

(b)... past and future pain, suffering and mental anguish;

(c)... past and future impairment due to their debilitating injuries;

(d)... damages to PETITIONERS' HEALTH and the diminished value of LIFE thereof;

## IX. CLAIM FOR PRE-JUDGEMENT AND POST-JUDGEMENT INTEREST

9.01 THAT, the PETITIONERS' claims interest in accordance with TEXAS FINANCE CODE § 304.001 et. seq. and any other applicable law;

## X. REQUEST FOR DISCLOSURES

10.01 THAT, the PETITIONERS hereby requests that DEFENDANTS disclose the information and material described in FEDERAL RULES OF CIVIL PROCEDURE; that the response(s) may be served upon each and every PETITIONERS herewithin, or through it respective retained attorney(s) of record, that a PETITIONER herewithin may retain at its own costs;

10.02 THAT, the PETITIONERS is aware of other "REQUEST(S) FOR DISCLOSURE(S) presumeably being representing by a NATIONAL LAW FIRM or a LOCAL LAW FIRM without the express content of PETITIONER(S) herewithin; that if such claims made without the express, effective consent, the PETITIONERS herewithin, humbly request the COURT to rule that this PETITION supercedes any and all PETITIONS filed by an attorney(s) on behalf of EASTHAM UNIT: TRUSTY CAMP were without the express, effective consent of PETITIONER(S);

## XI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PETITIONERS requests that the said DEFENDANTS be cited and required to appear and answer, and that this CASE be tried, after which PETITIONERS recovers:

(a)... JUDGEMENTS against DEFENDANTS as both of civil liabilities and / or criminal liabilities (if any) for a sum within the jurisdictional limit of each of the PETITIONER(S), of this COURT for the damages indicated above;

(b)... PETITIONERS respectively requests a JURY to determine the amount of each respective PETITIONERS' damages, including exemplary damages;

(c)... PRE-JUDGEMENT and POST-JUDGEMENT interest at the maximum amount allowed by LAW on all elements of applicable civil and criminal negligence damages claimed herein;

(d)... all COSTS and FEES of SUIT;

(e)... ORDER the TEXAS DEPARTMENT OF CRIMINAL JUSTICE to refrain from any or perceived RETALIATION against any of the PETITIONERS herewithin, for making such COMPLAINT for NEGLIGENCE, of which was NOT the FAULT of any of the INMATES - the PETITIONERS;

(f)... such other and FURTHER RELIEF, both general and specific, at law or in equity, to which PETITIONER(s) are entitled; and

(g)... and that should the COURT find of other similar complaint(s) filed allegedly for EASTHAM UNIT: TRUSTY CAMP - either as an individual; or through a LOCAL LAW FIRM; or through a NATIONAL LAW FIRM are considered as FRIVILOUS AND MALICIOUS, and as an opportunist predator, and shall be superceded with this PETITION exclusively and accordingly.

Respectfully submitted;

William Curtis Jones

WILLIAM CURTIS JONES, pro-se, and NOMINEE AGENT on behalf of all PETITIONERS herewithin; as listed in PARAGRAPH 4.02 above;

"PETITIONER NO. 43 (Forty-three)"

EASTHAM UNIT: TRUSTY CAMP
2665 Prison Road One
Lovelady, Texas 75851-5609

Attn: WILLIAM JONES
TDCJ NO. 2184098

PETITIONERS' DECLARATIONS

1. THAT, we the PETITIONERS herewithin in PARAGRAPH 4.02 declares under PENALTY OF PERJURY all FACTS presented in this COMPLAINT and attachments thereto are TRUE and CORRECT;

2. THAT, we understand, if we are released or transferred, it is our explictive responsibility to keep the COURT informed of our current mailing address and failure to do so may result in the removal or dismissal of this COMPLAINT;

3. THAT, we understand we must exhaust all available administrative remedies prior to filing this COMPLAINT;

4. THAT, we understand that we are prohibited from bringing an INFORMA PAUPERIS Lawsuit if we have brought five or more civil actions or appeals (from a JUDGEMENT in a CIVIL ACTION) in a COURT of the UNITED STATES while incarcerated or detained in any facility, which COMPLAINTS or LAWSUITS were dismissed on the ground they were frivolous, malicious, or failed to state a CLAIM upon which relief may be granted, unless we are under imminent danger of serious physical injury;

5. THAT, we understand even if we are allowed to proceed without prepayment of costs pro-rationale, we are all responsible for the entire filing fee and costs assessed by the COURT, which shall be deducted in accordance with the law from our respective inmate trust account by our custodian until the filing fee is paid;

6. THAT, we understand that any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. the sanctions the COURT may impose include, but are not limited to, monetary sanctions and the dismissal of the action with prejudice;

Signed this 7th day of December, 2020; on behalf of PETITIONERS' hereinwithin, listed in PARAGRAPH 4.02, as NOMINEE AGENT.

Respectfully yours;

William Jones

WILLIAM JONES
#2184098
"PETITIONER NO. 43 (forty-three)"

as "NOMINEE AGENT" on behalf of PETITIONERS', as listed in PARAGRAPH 4.02 herewithin

## CERTIFICATE OF SERVICE

THAT, I, WILLIAM JONES, as pro-se, on behalf of PETITIONERS' as listed in PARAGRAPH 4.02 herewithin of the above COMPLAINT was served on this COURT by placing a copy in the UNITED STATES POSTAL SERVICE, on this the day of 7th of December, 2020.

William Curtis Jones

WILLIAM CURTIS JONES
#2184098
"PETITIONER NO. 43 (Forty-three)"

APPLICATION TO PROCEED INFORMA PAUPERIS

THAT, we the PETITIONER'S' as listed in PARAGRAPH 4.02, hereby declare, depose, and say we are the PETITIONERS in the above entitled case. In support of our COMPLAINT to proceed without being required to prepay fees, costs, or give security therefor, we the PETITIONERS state because of our poverty or our indigency, we are unable to pay in advance the filing fee for said proceedings or to give security for the filing fee.

THAT, we the PETITIONERS believes we are entitled to relief for its in the best interests of JUSTICE.

THAT, we understand a FALSE STATEMENT individually as PETITIONERS in answer to any question in this APPLICATION will subject each and every PETITIONERS to penalties for perjury.

THAT, we state under PENALTY OF PERJURY that the foregoing is TRUE and CORRECT (28 U.S.C. § 1746).

Signed this the 7th day of December, 2020, on behalf of the PETITIONERS as listed in PARAGRAPH 4.02 as NOMINEE AGENT.

William Jones

WILLIAM JONES
#2184098
"PETITIONER NO. 43 (Forty-three)"

as "NOMINEE AGENT" on behalf of PETITIONERS, as listed in PARAGRAPH 4.02 herewithin

December 4th, 2020

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION
ATTN: CLERK OF COURT
501 West Fifth Street
Suite 1100
Austin, Texas 78701

RECEIVED
DEC 14 2020
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY

DEAR CLERK OF COURT:

Enclosed, please find attached 'pro-se' PETITIONERS':

PETITIONERS' CLAIMS OF CONSTITUTIONAL RIGHT VIOLATIONS
NEGLIGENCE BY DEFENDANTS: COVID-19 EXPOSURES

for it's in the best interests of JUSTICE and FAIRNESS, as protected by the UNITED STATES CONSTITUTION.

Please file this "COMPLAINT" and bring it to the attention of the COURT.

Please "DATE-STAMP" this letter and return to me at the address shown below.

Respectfully, we also request that you notify us of the COURT'S RULING on this COMPLAINT.

Respectfully submitted;

William Jones

WILLIAM JONES #2184098,
on behalf of PETITIONERS'
as NOMINEE AGENT

to: EASTHAM UNIT: TRUSTY CAMP
2665 Prison Road One
Lovelady, Texas 75851

Attn: WILLIAM JONES
#2184098